1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KYLE AVERY,

11            Plaintiff,                No. CIV S-11-1945 DAD P

12        vs.

13   T. VIRGA et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.

18            On April 4, 2012, the court found that plaintiff's complaint appeared to state

19   cognizable claims for relief under the First Amendment for retaliation against defendants Dreager

20   and Porter.  In addition, the court found that plaintiff's complaint appeared to state cognizable

21   claims under RLUIPA, the First Amendment, and the Fourteenth Amendment Equal Protection

22   Clause against defendants Virga, Smith, Porter, Detlefsen, Carter, Johnson, Guzman, McCumber,

23   and Elia.  The court ordered plaintiff to complete and return to the court the USM-285 forms and

24   other documents necessary to effect service on defendants.  In the same order, the court found

25   that plaintiff's complaint failed to state cognizable claims for relief under the Fourteenth

26   Amendment Due Process Clause, the Eighth Amendment, and for conspiracy.

1

1    On May 4, 2012, plaintiff filed a motion for leave to amend his complaint to

2 attempt to cure the defects in his claims under the Fourteenth Amendment, the Eighth

3 Amendment, and for conspiracy.  The Federal Rules of Civil Procedure provide that a party may

4 amend his or her pleading "once as a matter of course" either twenty-one days after serving the

5 complaint or twenty-one days after service of a responsive pleading.  See Fed. R. Civ. P. 15(a).

6 In this regard, plaintiff does not need permission from the court to amend his complaint at this

7 juncture of the case.  However, if plaintiff elects to file an amended complaint he is strongly

8 cautioned that in any amended complaint, as in an original complaint, each claim and the

9 involvement of each defendant must be sufficiently alleged.  The court cannot refer to a prior

10 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

11 an amended complaint be complete in itself without reference to any prior pleading.  This is

12 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

13 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

14 pleading no longer serves any function in the case.

15    Accordingly, IT IS HEREBY ORDERED that:

16    1.  Plaintiff's motion for leave to amend his complaint (Doc. No. 12) is denied as

17 unnecessary;

18    2.  Within thirty days of the date of service of this order, plaintiff shall file either

19 (1) the documents necessary for service in accordance with the court's original screening order,

20 or (2) an amended complaint.

21 DATED: August 2, 2012.

22

23    _____

24 DAD:9                           DALE A. DROZD
aver1945.amd                    UNITED STATES MAGISTRATE JUDGE

25

26

2