IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                          No. CIV S-11-1945 DAD P

   vs.

T. VIRGA et al.,

      Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        On April 4, 2012, the court found that plaintiff's complaint appeared to state cognizable claims for relief under the First Amendment for retaliation against defendants Dreager and Porter. In addition, the court found that plaintiff's complaint appeared to state cognizable claims under RLUIPA, the First Amendment, and the Fourteenth Amendment Equal Protection Clause against defendants Virga, Smith, Porter, Detlefsen, Carter, Johnson, Guzman, McCumber, and Elia. The court ordered plaintiff to complete and return to the court the USM-285 forms and other documents necessary to effect service on defendants. In the same order, the court found that plaintiff's complaint failed to state cognizable claims for relief under the Fourteenth Amendment Due Process Clause, the Eighth Amendment, and for conspiracy.

1

On May 4, 2012, plaintiff filed a motion for leave to amend his complaint to attempt to cure the defects in his claims under the Fourteenth Amendment, the Eighth Amendment, and for conspiracy. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course" either twenty-one days after serving the complaint or twenty-one days after service of a responsive pleading. See Fed. R. Civ. P. 15(a). In this regard, plaintiff does not need permission from the court to amend his complaint at this juncture of the case. However, if plaintiff elects to file an amended complaint he is strongly cautioned that in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend his complaint (Doc. No. 12) is denied as unnecessary;

2. Within thirty days of the date of service of this order, plaintiff shall file either (1) the documents necessary for service in accordance with the court's original screening order, or (2) an amended complaint.

DATED: August 2, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
aver1945.amd