IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

    Plaintiff,                    No. CIV S-11-1945 DAD P

   vs.

T. VIRGA et al.,

    Defendants.          ORDER AND

                        /        FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which

1  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2  Moreover, supervisory personnel are generally not liable under § 1983 for the
3  actions of their employees under a theory of respondeat superior and, therefore, when a named
4  defendant holds a supervisorial position, the causal link between him and the claimed
5  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
6  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
7  allegations concerning the involvement of official personnel in civil rights violations are not
8  sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

10  In his amended complaint, plaintiff has identified Officer Dreager-Smith, Sergeant
11  Porter, Lieutenant Detlefsen, Captain Carter, Counselor Johnson, Counselor Guzman, Assistant
12  Warden McCumber, Warden Virga, and Marc Elia as the defendants. According to plaintiff's
13  allegations, he is a documented pagan and helps maintain the pagan lodge/temple as well as the
14  designated-pagan area at CSP-Sacramento. Plaintiff alleges that other inmates have repeatedly
15  entered the secured designated-pagan area to destroy cultivated herbs and steal religious artifacts.
16  Plaintiff alleges that he has informed the defendants of this problem and sought help from them
17  to no avail. In particular, on August 15, 2010, plaintiff alleges that he drafted an inmate appeal
18  setting forth his complaints about the destruction and desecration of pagan religious property and
19  gave a copy of it to defendant Dreager-Smith. However, defendants Dreager-Smith and Porter
20  used plaintiff's inmate appeal against him and charged him with a prison rules violation for being
21  an inciter of violence and a threat against the safety and security of others. In reality, plaintiff
22  alleges, his inmate appeal simply explained how custody staff has failed to address the issues of
23  destruction and desecration of property in the pagan-designated area. Plaintiff notes that the
24  defendants retained him in administrative segregation pending the outcome of the prison
25  disciplinary charge. Ultimately, plaintiff explains that prison officials found him not guilty of the
26  charge and released to his normal program yard. Plaintiff claims that the defendants have

violated his rights under the First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Fourteenth Amendment Due Process and Equal Protection Clauses, and the Eighth Amendment. Plaintiff also claims that the defendants have conspired against him in violation of § 1985. (Am. Compl. at 1-77.)

**DISCUSSION**

When the court screened plaintiff's original complaint, the court found that plaintiff's complaint appeared to state cognizable claims under the First Amendment for retaliation, and under RLUIPA, the First Amendment, and the Fourteenth Amendment Equal Protection Clause for violations of his right to free exercise of religion. However, the court also found that plaintiff's complaint did not state cognizable claims under the Fourteenth Amendment Due Process Clause, the Eighth Amendment, or § 1985(3) for conspiracy. Rather than proceed on his cognizable claims, plaintiff filed a motion to amend his complaint to attempt to cure the defects with respect to his Fourteenth Amendment (Due Process), Eighth Amendment, and conspiracy claims.

After screening plaintiff's amended complaint, the court finds that plaintiff's amended complaint appears to state a cognizable claim under the First Amendment for retaliation against defendants Dreager-Smith and Porter as well as against defendants Johnson, Guzman, McCumber and Virga. See Brodheim v. Cry, 584 F.3d 1262 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Specifically, as to defendants Dreager-Smith and Porter, plaintiff now alleges that they issued a rules violation report against him after they reviewed his inmate appeal and learned he had named both defendants for failing to address his complaints about the destruction and desecration of pagan religious property. As to defendants Johnson, Guzman, McCumber, and Virga, plaintiff now alleges that they threatened to adversely transfer him to a different prison in retaliation for his prior litigation activities against prison staff and administrators.

/////

The court also finds that plaintiff's amended complaint appears to state a cognizable claim under RLUIPA, the First Amendment, and the Fourteenth Amendment Equal Protection Clause against defendants Virga, Smith, Porter, Detlefsen, Carter, Johnson, Guzman, McCumber, and Elia. See 42 U.S.C. § 2000cc-1(a); Turner v. Safley, 482 U.S. 78 (1987); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Specifically, plaintiff now alleges that he informed the defendants that his fellow inmates were destroying pagan property and artifacts, but the defendants refused to address the problem, thereby substantially burdening his religion. If plaintiff can prove these allegations, he has a reasonable opportunity to prevail on the merits of this action.

However, the court finds that plaintiff has still not cured the defects with respect to his Fourteenth Amendment (Due Process), Eighth Amendment, and conspiracy claims. First, plaintiff's amended complaint does not state a cognizable claim under the Fourteenth Amendment Due Process Clause regarding the time the defendants detained plaintiff in administrative segregation. A prisoner may be deprived of a protected liberty interest if the action in dispute resulted in the imposition of an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). However, it is well established that an inmate's placement and retention in administrative segregation does not implicate a protected liberty interest. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) ("administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence."); see also Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (pre-sentencing prisoner had no liberty interest in being free from administrative segregation).

In addition, plaintiff's amended complaint does not state a cognizable claim under the Eighth Amendment. Specifically, plaintiff alleges that the defendants failed to protect him by not safeguarding the designated-pagan area. In this regard, plaintiff alleges that he would have been forced to physically defend his property against other inmates when they trespassed on it. To be sure, "prison officials have a duty . . . to protect prisoners from violence at the hands of

other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. However, under the deliberate indifference standard, a prison official must have more than a "mere suspicion" that an attack will occur. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Where, as here, defendants lacked knowledge of any specific risk of harm to plaintiff, they cannot be said to have inflicted punishment on him. See Farmer, 511 U.S. at 844.

Finally, plaintiff's complaint does not state a cognizable claim for conspiracy. Section 1985(3) provides:

> [i]f two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a cause of action under § 1985(3), plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing United States Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983)). Here, plaintiff has not alleged facts which evidence a conspiracy or alleged specific acts in furtherance of the conspiracy. Plaintiff's allegations are conclusory and speculative at best. As the court previously advised plaintiff, "[a] mere allegation of conspiracy without factual specificity is insufficient to support a claim." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990). In addition, there are no factual allegations in plaintiff's amended complaint showing or suggesting

an agreement or a meeting of the minds to violate plaintiff's constitutional rights.  See Anderson v. District Attorney Office, No. 11-CV-0572-IEG (MDD), 2011 WL 6013274 at *16 (S.D. Cal. Nov. 4, 2011) (citing Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) and Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)).

Accordingly, the court will recommend that the case proceed on plaintiff's First Amendment retaliation claims against defendants Dreager-Smith, Porter, Johnson, Guzman, McCumber, and Virga and on plaintiff's RLUIPA, First Amendment, and Fourteenth Amendment Equal Protection Clause claims against defendants Virga, Smith, Porter, Detlefsen, Carter, Johnson, Guzman, McCumber, and Elia.  The court will further recommend that plaintiff's claims under the Fourteenth Amendment Due Process Clause, the Eighth Amendment, and § 1985(3) be dismissed for failure to state a claim.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's motions to screen his amended complaint (Doc. No. 17 &18) are denied as unnecessary; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. This case proceed on plaintiff's First Amendment retaliation claims against defendants Dreager-Smith, Porter, Johnson, Guzman, McCumber, and Virga and on plaintiff's RLUIPA, First Amendment, and Fourteenth Amendment Equal Protection Clause claims against defendants Virga, Smith, Porter, Detlefsen, Carter, Johnson, Guzman, McCumber, and Elia;

2. Plaintiff's claims under the Fourteenth Amendment Due Process Clause, the Eighth Amendment, and § 1985(3) be dismissed for failure to state a claim; and

3. This matter be referred back to the undersigned for service of the amended complaint on the defendants as provided herein.

1    These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
aver1945.56

8