UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

        Plaintiff,

   v.

T. VIRGA et al.,

        Defendants.

No.  2:11-cv-1945 KJM DAD P

<u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

        Plaintiff is proceeding on his amended complaint.  Therein, he alleges that the named defendants have retaliated against him and interfered with his exercise of religion.  At screening, this court found that plaintiff's amended complaint stated a cognizable claim under the First Amendment for retaliation against defendants Dreager-Smith, Porter, Johnson, Guzman, McCumber, and Virga.  The court also found that plaintiff's amended complaint stated a cognizable claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, and the Fourteenth Amendment Equal Protection Clause against defendants

/////

Virga, Smith, Porter, Detlefsen, Carter, Johnson, Guzman, McCumber, and Elia.  (Doc. Nos. 16, 22 & 25.)

## DISCUSSION

In the pending motion to dismiss, defense counsel argues that plaintiff's complaint fails to state a cognizable claim under RLUIPA.  Specifically, defense counsel contends that RLUIPA only provides for injunctive relief and not damages, and that since plaintiff has been transferred out of California State Prison, Sacramento ("CSP-Sacramento") where the alleged violations took place, his RLUIPA claim is now moot.  (Defs.' Mot. to Dismiss at 4-8.)

In response to defendants' motion, plaintiff states that he has "no problem" with defendants' motion to dismiss and acknowledges that his RLUIPA claim for injunctive relief is now moot.  Plaintiff also clarifies that he never requested monetary damages under RLUIPA.  For all of these reasons, plaintiff moves to withdraw his RLUIPA claim.  (Pl.'s Reply to Defs' Mot. to Dismiss at 1-2.)

In this case, the parties do not dispute that plaintiff's complaint concerns conditions of confinement at CSP-Sacramento and that, on March 28, 2014, plaintiff transferred from CSP-Sacramento to R.J. Donovan Correctional Facility ("RJD").  (Doc. Nos. 11 & 16.)  The parties also do not dispute that plaintiff, having transferred to RJD, is no longer subject to the alleged conditions he complained of at CSP-Sacramento, and his RLUIPA claim is now moot.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  Under these circumstances, the court will honor plaintiff's request to withdraw his RLUIPA claim.  In addition, the court will deny defendants' motion to dismiss as having been rendered moot.

## OTHER MATTERS

Plaintiff has filed a motion to compel a court ruling on defendants' motion to dismiss.  Plaintiff is advised that the court has a significant number of civil rights cases pending before it and rules upon submitted motions in due course.  Accordingly, the court will deny plaintiff's motion as unnecessary.

/////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to withdraw his RLUIPA claim (Doc. No. 32) is granted;

2. Defendants' motion to dismiss plaintiff's RLUIPA claim for injunctive relief (Doc. No. 31) is denied as moot in light of plaintiff's voluntary withdrawal of that claim;

3. Plaintiff's motion to compel (Doc. No. 33) is denied as unnecessary; and

4. Within thirty days of the date of this order, defendants shall file a responsive pleading to plaintiff's remaining operative claims set forth in his amended complaint.

Dated: November 20, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
aver1945.mtd

3